UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAMMI ELDRIDGE, et al.,

                     Plaintiffs,

         - against -

STATE OF NEW YORK, et al.,

                     Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/1/11

**REPORT AND
RECOMMENDATION**

**10 Civ. 423 (LTS) (RLE)**

**To the HONORABLE LAURA T. SWAIN, U.S.D.J.:**

## I. INTRODUCTION

*Pro Se* Plaintiffs Tammi Eldridge, Joyce Powell, Jazmin Shelton, and Sharon Mabry, New York State prisoners at Bedford Hills Correctional Facility, filed this case on January 19, 2010. They allege that Defendants, correctional officers at the Bedford Hills facility, have been deliberately indifferent in enforcing smoking regulations, to the detriment of Plaintiffs' health and in violation of their Eighth Amendment right to be free from cruel and unusual punishment. Plaintiffs seek punitive and compensatory damages and injunctive relief. Before the Court is Defendants' motion to dismiss, filed on July 14, 2010, in which they argue that: 1) Plaintiffs' official capacity damage claims fail; 2) Plaintiff Mabry's claim for injunctive relief is moot; 3) Plaintiffs have not made out a claim of deliberate indifference; and 4) individual Defendants have qualified immunity.[1] For the reasons set forth below, I recommend that Defendants' motion be **GRANTED** in part and **DENIED** in part, and that Plaintiffs' claims against the State of New

---

[1] Defendants also claim that Plaintiffs are not entitled to proceed as a class, and that a Section 1983 claim cannot be maintained against the State of New York. The Court agrees with Defendants that *pro se* parties are barred from proceeding as a class, but also recognizes that Plaintiffs may obtain representation at a later stage in the process. As Plaintiffs' potential ability to proceed as a class is not relevant to the success of the motion to dismiss, it will not be discussed here. Plaintiffs have recognized that they cannot proceed against the State of New York. (Pls.' Mem. of Law in Opp'n to Defs.' Mot. to Dismiss ("Pls.' Mem.") at 12.) Accordingly, their claims against the state should be **DISMISSED**.

York and against individual Defendants in their official capacity and Mabry's claims for injunctive relief be **DISMISSED**, while Plaintiffs' claims against Defendants in their individual capacity and the remaining Plaintiffs' claims for injunctive relief be permitted to go forward.[2]

## II. BACKGROUND

For the purpose of deciding Defendants' motion to dismiss, the Court assumes that the following factual allegations in the Complaint, and in documents that the Complaint incorporates by reference, are true: Plaintiffs are all current or former inmates at the Bedford Hills Correctional Facility. Eldridge and Shelton are housed on housing unit 114 A/B (Compl. at 7, 26),[3] where Mabry was housed before her transfer to the Taconic Correctional Facility. (Compl. at 33; Change of Address, Doc. No. 18.) Powell is housed on the adjacent unit, 114 C. (Compl. at 21.) Plaintiffs claim that Defendants, employees at the Bedford Hills Correctional Facility, have failed to enforce the Department of Correction's ("DOC") ban on indoor smoking, and that they are regularly exposed to environmental tobacco smoke ("ETS") in housing unit cells, the shower areas, and the kitchen. (Compl. at 3.)

Corrections officers freely acknowledge that inmates smoke in the locations where the ban is in place (Compl. at 8, 10), have declined to investigate when smoke could be smelled outside of the bathroom area (Compl. at 18), and have allowed indoor smoking to persist in their sight. (*Id.*) Plaintiffs have raised their concerns over their exposure to ETS in prison grievance procedures (*see, e.g.*, Compl. at 10, 19, 23, 28-31, 35), and in letters to the executive team

---

[2] In reaching this recommendation, the Court did not consider Plaintiffs' "Sur-Reply Memorandum" filed in response to Defendants' reply. As Defendants properly note in their January 28, 2011 letter to the Court, accepting surreplies is not a practice commonly followed by Courts in this District, and the purported surreply includes no new matter relevant to the issues before the Court.

[3] Pagination in references to the Complaint corresponds to the copy of the Complaint attached to Defendants' Notice of Motion to Dismiss.

charged with supervising the prison. (Compl. 8, 21, 26, 33.) Plaintiffs' grievances were investigated by Sergeant G. Peperone,[4] who spoke to Defendant Davoren and various inmates. (Compl. at 44.) Peperone was told that some inmates were smoking, but not enough to be a problem, and concluded that "the only way to stop second hand smoke is to not allow tobacco at all." (*Id.*) The grievance committee agrees with Plaintiffs that smoking is banned and that the ban should be enforced, but declined to institute other measures, such as designated smoke breaks, to ensure that the problem is solved. (*See, e.g.*, Compl. at 28-29.) In response to Plaintiffs' letter to the executive team, Defendant Thomas Fitzgerald asserted that it is impossible to stop inmates from smoking. (Compl. at 8.) Defendant Lawrence Hammond asked Plaintiffs for a list of officers who were failing to enforce the smoking policy and for the names of inmates who smoked indoors, claiming that he could do nothing to enforce the policy without that information. (Compl. at 8, 21.) Plaintiffs provided Hammond with the names of corrections officers who had failed to enforce the smoking ban, but declined to name inmates who were smoking. (*Id.*) Hammond also provided plaintiffs with a copy of the non-smoking policy that was posted in housing unit 114 A/B, but the policy was taken down by inmates the next day. (*Id.*)

As a result of exposure to ETS, Eldridge wakes from her sleep with wheezing and chest pain, and is forced to use an inhaler several times per day and to report daily to the emergency clinic for nebulizer treatments to stabilize her breathing. (Compl. at 7.) Prison doctors have recommended that she be transferred to a long-term care facility for treatment of her breathing condition. (*Id.*) Powell also wakes from her sleep with chest pains and shortness of breath due to ETS, and is forced to take medication orally and through an inhaler several times per day.

---

[4] Not a defendant in this case.

(Compl. at 21.) Shelton suffers from severe allergies and headaches from ETS exposure, and is currently undergoing psychiatric counseling for her fear of waking up in a smoke-filled room. (Compl. at 26.) Eldridge also suffers from severe allergies to ETS and has been forced to take medication on a daily basis. (Compl. at 33.)

### III. DISCUSSION

#### A. Standard for a Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should draw all reasonable inferences in favor of the plaintiff, but the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. *Pro se* plaintiffs are entitled to have their complaints construed liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir.2009), and interpreted to raise the strongest arguments that they suggest. *Harris v. Westchester County Department of Corrections*, No. 06 Civ.2011(RJS), 2008 WL 953616 at *2 (S.D.N.Y. Apr.3, 2008). However, a court does not have to accept as true "conclusions of law or unwarranted deductions of fact." *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994), *cert. denied*, 513 U.S. 1079 (1995) (quoting 2A Moore & Lucas, Moore's Federal Practice ¶ 12.08, at 2266-69 (2d ed. 1984)).

#### B. Claims Against Individual Defendants in Their Official Capacity

Defendants argue that to the extent that Plaintiffs seek damages from individual defendants in their official capacities, those claims are barred under the doctrine of sovereign immunity. (Defs.' Mem. of Law in Supp. of Mot. to Dismiss ("Defs.' Mem.") at 9.) The

Supreme Court has held that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989). Accordingly, Plaintiffs' claims against individual Defendants in their official capacities should be **DISMISSED**.

## C. Plaintiff Mabry's Claim for Injunctive Relief

Defendants argue that Mabry's claims for injunctive relief should be dismissed, as she has recently been transferred to Taconic Correctional Facility. (Defs.' Mem. at 9-10.) Generally, "a transfer from a prison facility moots an action for injunctive relief against the transferring facility." *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996). As a result, Mabry's claims for injunctive relief are moot and should be **DISMISSED**.

## D. Plaintiffs Have Adequately Alleged a Claim of Deliberate Indifference

"Alleged Eighth Amendment violations by prison officials are governed by a two-part test: (1) whether the conditions of confinement objectively posed 'a substantial risk of serious harm' to the inmate; and (2) whether the prison official, as a subjective matter, was 'deliberate[ly] indifferent' to the inmate's health or safety." *Braxton v. Nichols*, No. 08 Civ. 08568 (PGG), 2010 WL 1010001 at *3 (S.D.N.Y. Mar. 18, 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The Supreme Court has held that a plaintiff may establish a cause of action under the Eighth Amendment "by alleging that [defendants] have, with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993).

In order to establish deliberate indifference, plaintiffs must show that "the acts of defendants involved more than lack of due care, but rather involved obduracy and wantonness in

5

placing [plaintiff's] health in danger.... In other words ... defendants knew of the health dangers and yet refused to remedy the situation." *LaBounty v. Coughlin*, 137 F.3d 68, 72-73 (2d Cir.1998). To state the standard another way, plaintiffs must establish that prison officials "know of and disregard an excessive risk to inmate health or safety; the official must ... be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, ... draw the inference and fail to take reasonable measures to abate it." *Trammell v. Kean*, 338 F.3d 155, 164 (2d Cir.2003) (citing *Farmer v. Brennan*, 511 U.S. 825, 837, 847 (1994)).

Here Plaintiffs allege that they have suffered significant physical and psychological harm from their exposure to ETS. (*See* Compl. at 7, 21, 26, 33.) These allegations "suggest with sufficient plausibility that Plaintiff[s] may be able to demonstrate through discovery that a serious present injury or a future risk of serious injury exists." *Braxton*, 2010 WL at *5 (citing *Davis v. New York*, 316 F.3d 93, 100-01 (2d Cir. 2002)). Plaintiffs have also offered evidence that through their letters and grievances they put Defendants on notice of the health dangers that they were facing, and that Defendants refused to take reasonable steps to remedy the situation. (*See* Compl. at 8, 21, 26, 33.) While it is true that "imperfect enforcement of the [smoking ban] alone may not support a finding of deliberate indifference," *Enigwe v. Zenk*, No. 03-CV-854 (CBA), 2007 WL 1997709 at *6 (E.D.N.Y. Sept. 14, 2007), Plaintiffs here have alleged that Defendants were aware both that violations of the ban were significant and widespread and that corrections officers regularly condoned the violations. (*See, e.g.*, Compl. at 8.) Further, courts that have found imperfect enforcement of a smoking ban that did not rise to the level of deliberate indifference have done so at the summary judgment stage, after full discovery. *See, e.g., Lyerly v. Koenigsmann*, No. 04 Civ. 3904 (PKC), 2006 WL 1997709 (S.D.N.Y. July 17, 2006); *Zaire v. Artuz*, No. 99 Civ. 9817 (LTS), 2003 WL 230868 (S.D.N.Y. Feb. 3, 2003);

6

*Enigwe*, 2007 WL at *1.

Contrary to Defendants' assertions, Plaintiffs' failure to provide Defendants with the names of individual inmates who were violating the smoking ban does not require dismissal of their claims. While Defendants argue that Plaintiffs were not "required to choose between their health and their personal security because the interest in protecting confidential informants in prison disciplinary proceedings is widely recognized" (Defs.' Mem. at 21), there is no evidence that Plaintiffs were ever told that information they provided on other inmates would be confidential, and they have alleged that they feared for their safety if they provided such information. (Pls.' Mem. at 28.) Plaintiffs provided Defendants with the names of corrections officers who were failing to enforce the ban (*see, e.g.*, Compl. at 8), and their allegations demonstrate that these corrections officers were aware of which inmates were violating the ban. (*See, e.g.*, Compl. at 10, 18.) There were ample reasonable steps that Defendants could have taken to address Plaintiffs' concerns without requiring Plaintiffs to jeopardize their safety by providing the names of individual inmates. At this early stage in the proceedings, Plaintiffs' allegations are sufficient to make out a claim of deliberate indifference, and Defendants' motion to dismiss on this ground should be **DENIED**.

### E. Defendants Are Not Protected By Qualified Immunity

Defendants also argue that they are protected by the doctrine of qualified immunity, which shields government officials from liability arising from the performance of their official functions when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). As noted above, the Supreme Court ruled in 1993 that exposure to unreasonably high levels of ETS could lead to a violation of Eighth Amendment rights, *Helling*, 509 U.S. 25,

7

and the Second Circuit has held that the right to be free from exposure to unreasonably high levels of ETS is "clearly established" under the *Harlow* standard. *Warren v. Keane*, 196 F.3d 330, 333 (2d Cir. 1999). While it is possible to assert a qualified immunity defense in a motion to dismiss, *McKenna v. Wright*, 386 F.3d 432, 436 (2004), in this case, the Court must echo the Second Circuit in *Warren*: "Until the facts are determined, we are unable to say that any prison official reasonably could have believed that the alleged severe exposure to ETS did not violate the plaintiffs' Eighth Amendment rights." 196 F.3d at 333.

## IV. CONCLUSION

For the reasons set forth above, I recommend that Defendants' motion be **GRANTED** in part and **DENIED** in part and that Plaintiffs' claims against the State of New York and against individual Defendants in their official capacity and Mabry's claims for injunctive relief be **DISMISSED** while Plaintiffs' claims against Defendants in their individual capacity and the remaining Plaintiffs' claims for injunctive relief be permitted to go forward.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Laura T. Swain, 500 Pearl Street, Room 755, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) West Supp. 1995); FED. R. CIV. P. 72, 6(a), 6(d).

Dated: February /, 2011
New York, New York

Respectfully Submitted,

*/s/ Ronald L. Ellis*

The Honorable Ronald L. Ellis
United States Magistrate Judge

**Copies of This Report and Recommendation Were Sent To:**

*Pro Se* Plaintiffs:
Tammi Eldridge (DIN #: 01-G-1123)
Joyce Powell (DIN # 07-G-0632)
Jazmin Shelton (DIN # 05-G-0087)
Bedford Hills Correctional Facility
P.O. Box 1000
Bedford Hills, NY 10507

*Pro Se* Plaintiff:
Sharon Mabry (DIN # 00-G-0299)
Taconic Correctional Facility
250 Harris Rd.
Bedford Hills, NY 10507-2499

Counsel for Defendants:
Steven N. Schulman
Assistant Attorney General
120 Broadway, 24th Floor
New York, NY 10271