UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

TAMMI ELDRIDGE et al.,

          Plaintiffs,

-v-                                            No. 10 Civ. 423 (LTS)(RLE)

STATE OF NEW YORK et al.,

          Defendants.

-------------------------------------------------------x

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pro se plaintiffs Tammi Eldridge, Joyce Powell, Jazmin Shelton and Sharon Mabry ("Plaintiffs"), incarcerated in the New York State corrections system, commenced this action by filing a complaint on January 19, 2010, pursuant to 42 U.S.C. § 1983 against the State of New York and certain corrections officers ("Defendants"). Plaintiffs allege that their Eighth Amendment right to be free from cruel and unusual punishment was violated by Defendants' deliberate indifference and failure to enforce a smoking prohibition within the Bedford Hills facility where Plaintiffs are or have been incarcerated, which has led to their exposure to environmental tobacco smoke ("ETS") causing physical and mental injuries. On July 14, 2010, Defedants filed a motion to dismiss the Complaint, which was then referred to Magistrate Judge Ronald Ellis. Judge Ellis issued a Report and Recommendation ("Report") dated February 1, 2011. Objections were due by February 15, 2011. The only objection received by the Court was filed by Plaintiff Sharon Mabry, objecting because the Report's Background section does not describe the medical symptoms she has allegedly suffered because of her exposure to ETS. Mabry also argues that the Report should:

> include me as one of the Plaintiffs also to go forwarded as afforded to the remaining Plaintiffs. Plaintiff request either clarification or correction of her objection to those portions of the R&R that have been objected to in the herein aforementioned.

(Objection ¶ 11) (quoted from the original without alteration).

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West 2009). The Court reviews the Report strictly for clear error where no objection has been made and will make a de novo determination regarding those parts of the Report to which objections have been made. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003). "[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002). In the face of such objections, the Court will review the Report strictly for clear error. See Pearson-Fraser, 2003 WL 43367, at *1.; Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y.1992). Although pro se petitioners are generally accorded leniency when making objections, Walker v. Vaughn, 216 F. Supp. 2d 290, 292 (S.D.N.Y.2002), the objections nevertheless "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

The Court has considered carefully Mabry's objection to the Report and finds no ground for de novo review of any aspect of the Report. With regard to Mabry's claims, the Report recommends, inter alia, that her claim for injunctive relief be dismissed as she is no longer incarcerated at the Bedford Hills facility but that she be permitted to go forward with her

claims for punitive and compensatory damages against the individual Defendants in their individual capacity. Mabry has offered only a conclusory statement that may be construed as challenging the dismissal of her claim for injunctive relief, and the Report's lack of description of Mabry's medical symptoms is immaterial to recommendations of the Report or to the continuing viability of Mabry's remaining claims. To the extent Mabry seeks clarification, the Court reiterates the Report's recommended conclusion: Mabry cannot go forward with a claim to change what is happening at Bedford Hills now because she is not incarcerated there now, but Mabry can go forward with a claim for damages based on what happened at Bedford Hills in the past when she was incarcerated there. The Court is satisfied that the Report contains no clear error. Accordingly, the Court adopts the Report in its entirety.

Defendant's motion to dismiss the Complaint is granted with respect to claims against the State of New York and against the individual defendants in their official capacities. The motion is also granted with respect to Mabry's claim for injunctive relief. The motion is denied in all other respects. This Order resolves docket entry number 19. This case remains referred to Magistrate Judge Ellis for general pretrial management. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith.

SO ORDERED.

Dated: New York, New York
April 20, 2011

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge