USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/1/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAMMI ELDRIDGE, et al.,

                     Plaintiffs,

           - against -

Superintendent E. WILLIAMS, et al.,

                     Defendants.

MEMORANDUM
OPINION AND ORDER

10 Civ. 0423 (LTS) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

Before the Court is Plaintiffs' motion for a court-appointed environmental expert per Federal Rule of Evidence 706. Defendants oppose such motion on the basis that it would be inappropriate for this Court to appoint an expert for the sole purpose of substantiating Plaintiffs' claims.

Plaintiffs allege that conditions at Taconic Correctional Facility ("Taconic") are "deplorable" and consist of vermin (including rodents and insects), blood, and exposure to second-hand smoke, fumes and chemical carcinogens such as benzene, all of which have contributed to respiratory conditions and unsanitary living conditions. Am. Compl. p. 7. Plaintiff Mabry alleges that prison officials at Taconic have failed to enforce the smoke-free policy at the facility and, as a result, some prisoners engage in smoking, in blatant violation of the policy. *Id.* at 9. In addition, Defendant Asphalt Sealing Specialist, which is located near Taconic, is alleged to emit benzene and other carcinogens that contribute to Mabry's respiratory ailments. Mabry's exposure has been in the "recreation yard, law library, housing unit showers, shower area, walkway, housing unit corridors and housing unit room." *Id.* at 3. Mabry alleges that the exposure to the smoke and fumes has caused her to have "severe chest pains, coughing, itchy and swollen eyes, skin irritations and wheezing." *Id.* at 9. She has been prescribed steroid

creams, antibiotic ointments and PH hand creams to treat her insect bites. Her primary care physician has prescribed Prilosec and Zantac to reduce the inflammation and effects from her respiratory ailments. *Id.* at 11. In addition, she uses two inhalers daily and is taking Accolate. Mabry also experiences constant vomiting, coughing, headaches, skin and throat irritations, buildup of phlegm in the throat, acid reflux and breathing problems. *Id.*

Plaintiff Bowe makes similar allegations, and asserts that outdoor and indoor rodents are allowed to scurry through the dorm, bathroom and recreational areas. *Id.* at 12. She noticed a change in her respiratory patterns shortly after her move to Taconic from Bedford Hills Correctional Facility. Bowe now suffers from many of the same symptoms as Mabry, as well as gastroesophageal reflux disease. *Id.* at 14.

Rule 706 permits the Court to "appoint expert witnesses of its own selection." Fed. R. Evid. 706(a). "The determination to appoint an expert rests solely in the Court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the Court's need for a neutral, expert view." *Pabon v. Goord*, 2001 WL 856601, *1 (S.D.N.Y. July 30, 2001). "The most important factor in favor of appointing an expert is that the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance." *Reynolds v. Goord*, 2000 WL 825690, *2 (S.D.N.Y. June 26, 2000) (citing 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure § 6304 (1997) (granting plaintiff's request for a court appointed expert where the incarcerated plaintiff refused to submit to a tuberculosis test on religious grounds).

Courts have often cautioned against exercising its discretion in appointing an expert where an indigent prisoner is alleging a violation of the Eighth Amendment and the failure to provide adequate medical care, given the voluminous number of cases that could potentially be

2

initiated. Because fact discovery has not yet been completed, Plaintiffs' request is not ripe at this time. However, in anticipation of a renewed request at the close of discovery, Plaintiffs may submit a more detailed explanation and rationale for their request that adheres to the spirit and purpose of Rule 706. Specifically, such an application should indicate why it is beneficial to the Court to appoint an environmental expert to conduct a technical or scientific finding as to the environmental aspects of air quality at Taconic. Rule 706 does not permit the Court to appoint an expert in order to support one party's position over the other. Instead, it is to be used to aid the Court in an apolitical understanding of an issue for which expert opinion may be useful. Plaintiffs should include in their submission which particular types of environmental experts they are asking this Court to consider appointing and what, in particular, their respective roles may be.

At this time, the Court **DENIES** Plaintiffs' request to modify their application to include Plaintiffs' primary care physicians who treated Plaintiffs based on complaints of respiratory conditions.

**SO ORDERED this 1st day of June 2012**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge